UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAREQ ZIAD FOUAD ZAKARNEH, | CASE NO. 2:25-cv-01840-TL |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| DEPARTMENT OF JUSTICE, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Tareq Ziad Fouad Zakarneh's Objections on Report and Recommendation ("R&R") (Dkt. No. 32) issued by United States Magistrate Judge Michelle Peterson (Dkt. No. 23), which recommends this Court dismiss this action for lack of jurisdiction. Having reviewed Petitioner's motion, Judge Peterson's R&R, Petitioner's objections, and the relevant record, the Court ADOPTS the R&R and DISMISSES this action.

## I.    BACKGROUND

The Court assumes familiarity with the facts of this case. *See* Dkt. Nos. 18 (Petition), 20, (Order to Show Cause) 23.

ORDER ADOPTING REPORT AND RECOMMENDATION – 1

## II.    LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Objections to an R&R made by a party must be "specific." *Id*. "Mere incorporation of arguments from the underlying motions, without identifying 'what portions of the R&R' the objecting party 'considers to be incorrect,' does not constitute a specific objection." *Card v. Brown*, No. C25-5213, 2025 WL 1311917, at *1 (W.D. Wash. May 6, 2025) (quoting *Amaro v. Ryan*, No. C10-48, 2012 WL 12702, at *1 (D. Ariz. Jan. 4, 2012)). Without specific objections to the R&R, de novo review is not required. *Brandon v. Department of Corr.*, No. C21-5417, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021).

## III.    DISCUSSION

Judge Peterson recommends this Court dismiss Petitioner's claim for lack of jurisdiction. Dkt. No. 23 at 4. This recommendation is based on (1) the prohibition on district court review of final orders of removal under the REAL ID Act of 2005, codified in relevant part at 8 U.S.C. § 1252, and (2) the fact that Petitioner is "attempting to raise herein issues that [are] the same as, or related to, those pending before the Ninth Circuit" as part of Petitioner's petition for review of

ORDER ADOPTING REPORT AND RECOMMENDATION – 2

the Board of Immigration Appeals' denial of his motion to reopen his removal proceedings. *Id.* at 3.

Petitioner filed timely objections on January 22, 2026. Dkt. No. 32; *see* Dkt. No. 25 (Minute Order extending deadline for Petitioner to file objections). As part of his objections, Petitioner clarified that the Court should see the original pleading in this case, though titled "Motion to Stay from Removal" (Dkt No. 18), as a "second habeas claim" that should proceed before this Court because "the first case has been closed and not appealed by the Plaintiff for consideration of this case." *Id*. at 5.[1] While Petitioner's "specific objections" to the Report and Recommendation lack clarity, Petitioner appears to argue that (1) Judge Petersen incorrectly found that this Court lacks jurisdiction, when in fact jurisdiction exists under 28 U.S.C. 1331 and 28 U.S.C. § 2243 (Dkt. No. 32 at 2, 4); (2) Judge Peterson did not consider his allegations of misconduct in his removal proceedings, including retaliation, defamation, and use of "invalid documents and invalid evidence" (*id.* at 2); (3) Petitioner's removal order is constitutionally invalid (*id.*); and (4) "[a] renew[ed] motion to stay has been filed" in Plaintiff's ongoing Ninth Circuit case "based on new evidence" (*id.* at 3).

Plaintiff's objections fail for several reasons. First, to the extent that the cause of action here is a petition for habeas corpus, the Court will decline to reconsider the decision issued less than three weeks ago in Plaintiff's other habeas action. *See Zakarneh v. U.S. Immig. and Customs Enforcement*, No. C25-707, 2025 WL 73825, at *5. The United States Code provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined

---

[1] The Report and Recommendation provides an account of Plaintiff's various legal challenges to his removal proceedings and removal order. *See* Dkt. No. 23 at 1–3. Relevant here, Petitioner filed a Petition for Habeas Corpus that was assigned case number C25-707-GJL-DGE. Since the Report and Recommendation was issued in this case (but before Petitioner filed his Objections), the petition was denied, and the action was dismissed. *See* Order Adopting Report and Recommendation, *Zakarneh v. Bondi*, No. C25-707, (W.D. Wash. Jan. 9, 2026), ECF 78.

ORDER ADOPTING REPORT AND RECOMMENDATION – 3

by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

28 U.S.C. § 2244(a). Though Petitioner correctly notes that the dismissal was without prejudice (Dkt. No. 32 at 5), he does not show any changed circumstances that would lead this court to reach a different conclusion than the one reached in that action by the Honorable Grady J. Leupold, United States Magistrate Judge, and the Honorable David G. Estudillo, Chief United States District Judge. The Court therefore declines to reconsider Petitioner's challenges to his detention because "the legality of such detention" was "determined on a prior application."

Next, to the extent that Petitioner is challenging his removal order and the proceedings from which it issued, Judge Peterson correctly found that such claims are beyond the jurisdiction of the district court. While Plaintiff rightly notes that 28 U.S.C. § 1331 gives district courts jurisdiction over civil cases arising under federal law (*see* Dkt. No. 32 at 2), this jurisdiction is limited by other statutes that explicitly preclude review, *see Califano v. Sanders*, 430 U.S. 99, 105 (1977) (agency actions are reviewable by federal courts under § 1331 "subject only to preclusion-of-review statutes created or retained by Congress"). As Judge Peterson explains (and as Petitioner ignores), 8 U.S.C. § 1252 is one such statute. Under 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals"—not with a district court—"shall be the sole and exclusive means for judicial review of an order of removal." *See also* 28 U.S.C. § 1252(g) ("Except as provided in this section . . . , no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter.") This is true even where a petitioner raises a constitutional challenge or seeks a writ of habeas corpus. *See id.*; 28 U.S.C. § 1252(a)(9). Therefore, Petitioner's invocation of Sections 1331 and 2243 (Issuance of writ) fails to negate Judge

ORDER ADOPTING REPORT AND RECOMMENDATION – 4

Peterson's finding that the Court lacks jurisdiction over Petitioner's challenges to his removal proceedings. For the same reason, Judge Peterson was right not to consider the merits of Petitioner's allegations of misconduct by Defendants or his constitutional challenges to his removal proceedings. In other words, her hands were tied: neither Judge Peterson nor the undersigned has any authority to consider these issues.

Lastly, it would be improper for this Court to consider an issue that is currently before the Ninth Circuit as part of Petitioner's administrative appeal. Notably, since the R&R was filed, the Ninth Circuit has denied Petitioner's renewed motion to stay removal. Order, *Zakarneh v. Bondi*, No. 25-5806, (9th Cir. Jan. 14, 2026), Dkt. No. 27. This Court does not have the power to overrule a higher court. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) ("law of the case" doctrine "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case")); *see also Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (noting that law of the case doctrine "applies most clearly where an issue has been decided by a higher court")). Even if the Court could otherwise reach the issues raised by Petitioner, the Ninth Circuit's superior jurisdiction would prevent it from ruling on issues the higher court has already decided.

For the foregoing reasons, the Court OVERRULES Petitioner's objections, finds it lacks jurisdiction to hear Petitioner's claims, and ADOPTS the Report and Recommendation.

## IV.    CONCLUSION

Accordingly, the Court hereby ORDERS:

(1)    The Report and Recommendation (Dkt. No. 23) is ADOPTED in full;

(2)    Petitioner's Objections (Dkt. No. 32) are OVERRULED;

(3)    Petitioner's Motion for Temporary Restraining Order (Dkt. No. 26), Motion for Immediate Release Pending the Plaintiff Petition (Dkt. No. 30), Motion to Expedite (Dkt.

ORDER ADOPTING REPORT AND RECOMMENDATION – 5

No. 31), and Motion to Grant an Electronic Signature for Plaintiff (Dkt. No. 33) are DENIED AS MOOT.

Dated this 29th day of January, 2026.

Tana Lin
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION – 6