UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAREQ ZIAD FOUAD ZAKARNEH,<br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | CASE NO. 2:25-cv-01840-TL<br><br>ORDER ON MOTION TO REISSUE<br>A CERTIFICATE OF APPEAL WITH<br>NEW DEADLINE |

This matter is before the Court on Petitioner Tareq Ziad Fouad Zakarneh's "Motion to Reissue A Certificate of Appeal With New Deadline." Dkt. No. 42. Having reviewed Petitioner's motion and the relevant record, and Respondents not filing a response, the Court GRANTS Petitioner's motion.

## I.    BACKGROUND

The Court incorporates by reference the factual background from the Report and Recommendation ("R&R") (Dkt. No. 23) and the Court's Order Adopting Report and Recommendation ("Order") (Dkt. No. 37). On January 29, 2026, the Court entered a judgment in

this case overruling Petitioner's objections to the R&R, adopting the R&R and dismissing the matter, and denying as moot Petitioner's remaining motions. Dkt. No. 38. The Court's Order was mailed to Petitioner at the Northwest ICE Processing Center ("NWIPC"), but on February 20, 2026, the Court's Order was returned as undeliverable. Dkt. No. 41. On April 27, 2026, Petitioner filed the instant motion requesting that the Court "serve [Petitioner] a copy of the District judge order and assign [a] new deadline to appeal the decision." Dkt. No. 42. Petitioner asserts that he needs an extension to file his appeal because he never received a copy of the Court's Order due to being moved on several occasions to different detention centers. *Id*. at 2. Petitioner asserts that he was moved to two different detention centers in Arizona, as well as a detention center in Louisiana. *Id*. Petitioner also asserts he's been dealing with medical issues while in detention. *Id*. at 1.

## II.    LEGAL STANDARD

Any notice of appeal where one of the parties is a United States agency must be filed within 60 days of a district court's judgment or order appealed from. Fed. R. App. P. 4(a)(1)(B). If a party does not file a timely notice of appeal, the court may reopen the time for appeal for 14 days from the date its order reopening the matter is entered if the court finds that:

> (A) . . . the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

//

//

ORDER ON MOTION TO REISSUE A CERTIFICATE OF APPEAL WITH NEW DEADLINE – 2

### III.    DISCUSSION

Here the Judgment was issued on January 29, 2026 (Dkt. No. 38), and, therefore, Petitioner's notice of appeal was due on March 30, 2026. However, the Judgment was returned as undeliverable on February 20, 2026. Dkt. No. 41. Although Petitioner filed the instant motion more than 60 days after the judgment, the Court finds it appropriate to reopen Petitioner's time to appeal.

As an initial matter, the Court finds that Respondents' failure to respond to Petitioner's motion means they have conceded Petitioner's arguments have merit. *See Rintoul v. Old Dominion Freight Line, Inc.*, No. C21-1733, 2024 WL 2974469, at *2 (D. Or. June 13, 2024) ("Generally, the failure to respond to an argument on its merits is grounds for deeming that argument abandoned or conceded.") (citing *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases)). Moreover, when the movant "makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue," the court should exercise its discretion to reopen the movant's time to appeal. *See United States v. Withers*, 638 F.3d 1055, 1061–62 (9th Cir. 2011).

In any event, the Court finds that Petitioner's motion merits relief. First, Petitioner did not receive notice of the order and judgement in this matter. *See* Dkt. No. 41. Second, this motion was filed within 180 days after the judgment, as Petitioner filed it on April 27, 2026. *See* Dkt. No. 42. Finally, the Court finds Respondents would not be prejudiced by reopening the time for appeal, as Respondents did not file a response brief, meaning they present no arguments asserting prejudice. *See Jackson v. Jackson*, No. C23-5988, 2024 WL 4696169, at *1 (W.D. Wash. Nov. 6, 2024) (finding no prejudice where respondent did not argue prejudice).

//

//

Therefore, the Court will reopen Petitioner's time for appeal. Petitioner must file his notice of appeal within 14 days of this Order.[1] *See* Fed. R. App. P. 4(a)(6).

### IV.   CONCLUSION

Accordingly, Petitioner's motion (Dkt. No. 42) is GRANTED. It is hereby ORDERED that Petitioner must file his notice of appeal within **fourteen (14) days** of this Order.

Dated this 16th day of July, 2026.

                    Tana Lin
                    United States District Judge

---

[1] As a final matter, the Court notes that Petitioner left the signature line on his motion blank. *See* Dkt. No. 42 at 2. However, LCR 10(e)(4) provides, "The court might not consider improperly signed or unsigned documents." Given the length of time it has taken the Court to be able to reach Petitioner's motion, the Court uses its discretion to consider the motion despite Petitioner's deficiency to avoid further unnecessary delay. However, Petitioner is on notice that he must strictly comply with all signature requirements moving forward. *See, e.g.,* LCR 10(e)(4); LCR 11(a)(6)(iii).

ORDER ON MOTION TO REISSUE A CERTIFICATE OF APPEAL WITH NEW DEADLINE – 4